IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Josh Sumpter Jr. aka Josh Sumpter<br>　　　　　　　　Debtor | CHAPTER 13 |
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE TO MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-HE5<br>　　　　　　　　Movant<br>vs.<br>Josh Sumpter Jr. aka Josh Sumpter<br>　　　　　　　　Debtor<br>William C. Miller Esq.<br>　　　　　　　　Trustee | NO. 16-12644 ELF<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.　The post-petition arrearage on the mortgage held by the Movant on Debtor's residence is $3,257.86, which breaks down as follows;

Post-Petition Payments:　　　　　　　July 2016 through October 2016 at $605.31
Fees & Costs Relating to Motion: $1,026.00
Suspense Balance:　　　　　　　　　$189.38
**Total Post-Petition Arrears**　　　　$3,257.86

2.　Debtor shall cure said arrearages in the following manner;

　　a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of $3,257.86 along with the pre-petition arrears;

　　b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $3,257.86 along with the pre-petition arrears;

　　c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim;

　　d). Maintenance of current monthly mortgage payments that are subject to change under the Note to the Movant thereafter to the following address:

Nationstar Mortgage, LLC
Attn: Bankruptcy Department
P.O. BOX 619094

Dallas, TX 75261
877-343-5602

3. Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 13, 2016        By:    /s/ Denise Carlon, Esquire
                                     Denise Carlon, Esquire
                                     Attorneys for Movant

Date: 11/14/2016

                                     David M. Offen, Esquire
                                     Attorney for Debtor

Approved by the Court this 27th day of December, 2016. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank